## CIRCUIT COURT OF THE CITY OF ROANOKE

Steve Reeves, Jr.

v.

Virginia Employment Commission
and Huttig Sash and Door Co.

March 16, 1988

By JUDGE CLIFFORD R. WECKSTEIN

By letter dated March 4, 1988, received in my office on March 9, 1988, Mr. Bowers, with Mr. Zink's consent, asked that I rule, without hearing, on a motion to dismiss previously filed in this case. Both parties have filed memoranda of authorities.

The question raised by the motion is whether this action must be dismissed because it was not timely filed under the provisions of Virginia Code § 60.1-67.1.

(This case was briefed under the provisions of Title 60.1 of the Code of Virginia. Although Title 60.1 was repealed, effective January 1, 1987, its provisions apply to this action. Code § 1-16. The applicable provisions of Title 60.2 are identical to the provisions, herein discussed, of Title 60.1.)

The record reflects, and the parties concede, that the Commission's decision was mailed on May 10, 1985, and that this petition for judicial review was filed on May 31, 1985. A petition for judicial review must be filed, under Code § 60.1-67.1, within ten days after the decision of the Commission has become final. The Commission's decision, under Code § 60.1-64, becomes final "ten days after the date of notification or mailing thereof . . . ." The Commission argues that, under this statutory scheme, the claimant had a total of twenty days within which to file his petition for judicial review; that

the last date on which he might permissibly file was May 30, 1985; that the petition was therefore filed one day late and is time-barred.

This Court takes judicial notice of the fact that a decision of the Commission, regularly deposited in the U. S. Mails, in Richmond, on May 10, 1985, could not have been delivered to a claimant residing outside of Richmond before May 11, 1985.

I am persuaded by the logic and reason of an opinion written by the Honorable J. Robert Stump, Judge of the Thirtieth Judicial Circuit of Virginia, dated April 29, 1983, in the case of *Walter Lee Cloud v. Eastover Mining Company and Virginia Employment Commission.* Like Judge Stump, I believe that the General Assembly must have meant something when it included the language "the date of notification" in Code § 60.1-64. I adopt Judge Stump's reasoning and conclude that the Commission's decision was not final until--at the earliest--ten days after May 11, 1985. I therefore conclude that the instant petition is not time-barred.

The parties have, without the benefit of evidence or affidavits, advanced various arguments based upon what the claimant contends is the date he actually received notification of the Commission's decision. I do not need, in this case, to reach any of those arguments and therefore do not do so. The filing in this case would have been timely even if the claimant had received notification of the Commission's decision on the first day he could possibly have received such notification.

The Commission's motion to dismiss will therefore be denied. Mr. Zink will please prepare, and tender for entry, a duly-endorsed order consistent with and incorporating this opinion-letter, which order will grant the Commission twenty-one days after entry within which to file such further responsive pleadings as it may be advised. Mr. Bowers' objections, upon the reasons stated in support of the motion to dismiss, will be duly preserved.